UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| J. Leeds Barroll,    Petitioner,<br><br>Verlene Turner,<br><br>                     Plaintiff,<br><br>     v.<br><br>JoAnne B. Barnhart, Commissioner of Social Security,<br><br>                     Defendant. | C/A No. 6:05-1397-GRA<br><br>**ORDER**<br>(Written Opinion) |

Plaintiff's attorney petitions this Court for an award of attorney's fees in the above-captioned case under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Petitioner seeks $4762.50 in attorney's fees for 31.75 hours at $150.00 per hour. The government objects to an award of attorney's fees.

Plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security Administration that Plaintiff was not entitled to disability insurance benefits ("DIB"). The magistrate judge to whom this case was assigned recommended reversing the case under sentence four of 42 U.S.C. § 405(g) and 1383(c)(3) and remanding the case to the Commissioner to reassign the case to the Administrative Law Judge ("ALJ") for proper evaluation of: (1) the treating physician's opinion; (2) to determine whether Plaintiff can perform

1

her past relevant work as a sewing operator under either test for the garment industry or the non-garment industry; and (3) to include the environmental limitations related to Plaintiff's asthma in his Residual Functional Capacity ("RFC") finding. This Court adopted the Report and Recommendation in its entirety on March 6, 2006.

The government objects to an award of attorney's fees on the basis that the Commissioner's position was "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A).[1] The EAJA provides for an award of attorney's fees to a prevailing party, other than the United States, unless the court finds that the position of the United States was substantially justified or special circumstances make an award of fees unjust. *Id*. Substantial justification requires justification to "a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Commissioner's position must have had "a reasonable basis both in law and fact." *See Pierce*, 487 U.S. at 565; *see also Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991) and *Smith v. Heckler*, 739 F.2d 144, 146 (4th Cir. 1984). A "position can be justified even though it is not correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct . . . ." *Underwood*, 487 U.S. at 566 n.2.

However, if the ALJ uses the wrong law in deciding a case, then EAJA fees

---

[1] The Commissioner also objected to an award of attorney's fees on the basis that Plaintiff's attorney's original petition failed to allege that Plaintiff was a prevailing party and that Plaintiff is "eligible" to receive an award under the EAJA as required under 28 U.S.C. § 2414(d)(1)(B). Plaintiff's attorney cured these defects by filing an amended petition.

are justified. *See Evans v. Sullivan*, 928 F.2d 109 (4th Cir. 1991); *Hicks v. Heckler,* 765 F.2d 1022 (4th Cir. 1985) (holding that if the ALJ applies the wrong law, EAJA fees are justified).  In such an analysis, the burden of proof is upon the government, not the Plaintiff.  *Throckmorton v. U.S. Dept. of Health and Human Services*, 932 F.2d 295 (4th Cir. 1990).

The magistrate in this case recommended remand based upon incorrect standards of legal analysis that were applied by the ALJ.  The magistrate found that the ALJ committed legal error by improperly dismissing the opinion of Plaintiff's treating physician and by not following Social Security Ruling ("SSR") 96-2p, which requires the ALJ to consider five factors even if he finds that the treating physician's medical opinion should not be controlling.  The magistrate also concluded that the ALJ committed legal error by not considering Plaintiff's asthma is assessing Plaintiff's RFC.  Pursuant to these bases for remand given by the magistrate, this Court finds that the Commissioner's position in this matter was not substantially justified, and an award of EAJA fees is, therefore, appropriate.

IT IS THEREFORE ORDERED that Plaintiff's attorney's petition for an award of attorney's fees under 28 U.S.C. § 2412 be GRANTED, and Petitioner be awarded attorney's fees in the amount of $4762.50.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
May     23    , 2006.